[Sac. No. 208.   Department One.—July 7, 1897.]

## J. S. BROOKS, APPELLANT, *v.* COUNTY OF TULARE, RESPONDENT.

TAXATION — DELINQUENT SALE — UNITED STATES LAND—RECOVERY OF AMOUNT PAID.—A purchaser at a delinquent tax sale of government land of the United States, which was not subject to taxation, is a mere volunteer, and cannot recover of the county the money so paid by him on the ground that it had been erroneously and illegally collected. Section 3804 of the Political Code does not apply to such a case.

APPEAL from a judgment of the Superior Court of Tulare County.   WHEATON A. GRAY, Judge.

The facts are stated in the opinion of the court.

CXVII. CAL. —30

*Hannah & Miller*, for Appellant.

*F. B. Howard*, for Respondent.

THE COURT.—This is an action to recover from the defendant taxes alleged to have been erroneously and illegally collected, for the reason that the land upon which the taxes were assessed and collected was, at the time of the assessment, levy, and sale, government land of the United States, and not subject to taxation.

A general demurrer to the complaint was interposed and sustained, and plaintiff declining to amend, judgment was entered in favor of the defendant, from which judgment plaintiff appeals.

It is alleged in the complaint that on March 7, 1888, the tax collector of Tulare county duly offered for sale at public auction certain real property which had been regularly assessed for state and county taxes for the fiscal year ending June 30, 1888; that at the time of the sale the tax collector publicly stated to those present that said taxes had been duly and legally assessed and levied upon said real estate and had not been paid; that plaintiff, relying upon the statements so made, bid in the property for the amount represented to be due and unpaid thereon for taxes, costs, and charges, and thereupon paid to the tax collector the said sum, amounting in all to nine dollars and fifty-eight cents, which was thereafter duly paid into the county treasury; that the tax collector made out and delivered to plaintiff, in proper form, a certificate of sale of said land, which has never been redeemed by anyone, and is still owned and held by him; that the land upon which said taxes were assessed was, at the time of the assessment and at the time of the said tax sale, public land, owned by and the property of the United States, and not subject to taxation; that plaintiff purchased said land and paid said taxes in good faith, and without notice, knowledge, or information of any kind that said land was public land and not subject to taxation, and that he first discovered

said facts on or about October 1, 1895, when he was preparing to apply for a tax deed of the purchased premises; that upon such discovery and that the amount so paid by him had been erroneously and illegally collected, plaintiff prepared a statement of his claim therefor, which was duly verified as to its correctness, and that the amount claimed, to wit, nine dollars and fifty-eight cents, was justly due him from defendant, and in November following presented the same to the board of supervisors of the county for allowance, together with documentary evidence showing that said land was public land and not subject to taxation; and that thereafter, on December 5, 1895, the said board rejected and disallowed said claim and the whole thereof. Wherefore judgment is demanded against the defendant for the sum of nine dollars and fifty-eight cents, and legal interest thereon from the time of the rejection of the claim, and for costs of suit.

In support of the appeal, counsel for appellant cite and rely upon section 3804 of the Political Code, and the case of *Hayes* v. *County of Los Angeles*, 99 Cal. 74.

The section cited provides: "Any taxes, per centum and costs, paid more than once, or erroneously or illegally collected, may, by the order of the board of supervisors, be refunded by the county treasurer."

In the case cited, it was claimed that taxes on certain real property had been twice paid, and that the plaintiff, under the provisions of the code above quoted, was entitled to recover back the amount of the second payment. It appeared that the said property was assessed to the owner thereof, and also to another party for the same fiscal year. The owner paid the tax levied upon the assessment against himself, but the tax levied upon the other assessment was not paid. Thereafter the tax collector, after the usual notice, offered the property for sale, representing that the state and county taxes thereon had not been paid, and were still due and unpaid, and the assignor of the plaintiff became the purchaser of the property, paying therefor the taxes, per

cent, and costs represented to be due on account of the taxes thereon. The purchaser received a certificate of sale which he assigned to the plaintiff. Subsequently, the plaintiff presented to the board of supervisors of the county a claim for the amount paid by his assignor on account of the double assessment, and the board refused to allow the same. He then commenced his action to recover the amount so paid, setting out the facts of the case. A demurrer to the complaint was interposed and sustained, and judgment entered in favor of the defendant. On appeal to this court it was held that upon the facts stated, the plaintiff was entitled to recover, and that the demurrer was improperly sustained.

The court, among other things, said: "When the taxes upon property have for a given fiscal year been once paid by the owner, the county has no right or power to sell or in any manner affect or encumber the land by a sale thereof. The lien of the tax is gone, and, as the implied right which, in the event of a failure to redeem, ripens into a title in the purchaser, has no existence, there is no consideration for the purchase money, and he who has paid it ought in justice to be entitled to recover it back." And the court then quotes with approval the following language used in the decision of the case of S. C. V. Peat Fuel Co. v. Tuck, 53 Cal. 304: "The authorities appear to be uniform to the effect that where a sum of money has been paid upon a consideration which has wholly failed, the law implies a promise to refund it."

It will be observed that there is a plain distinction between the Hayes case and this. Here, the plaintiff knew or might have known when he made his bid and paid his money whether the land was vacant public land or not. It may be that some one had a possessory claim on the land which was subject to assessment. At any rate, his bid was voluntary, and he cannot now maintain an action to recover back the money paid. This was, in effect, so held in Loomis v. County of Los Angeles, 59 Cal. 456. In that case, the plaintiff purchased

at a tax sale certain real property, but it subsequently appeared that the assessment was fatally defective, and that he took no title to the lands attempted to be sold. He brought the action to recover of the county the amount paid by him, basing his right to recover on section 3804 of the Political Code, but it was held that the section did not apply to a case of that kind, and that he could not recover.

The judgment must be affirmed; so ordered.