[S. F. No. 5320. In Bank.—March 10, 1911.]

## GEORGE A. WEBSTER, Appellant, v. GEORGE SOMER et al., Respondents.

PRACTICE—SETTING ASIDE DEFAULT—DISCRETION.—An application to set aside a default, under section 473 of the Code of Civil Procedure, is largely in the discretion of the trial court. In the present case it cannot be said that the court abused its discretion in granting it.

TAXATION—DEED BY TAX-COLLECTOR FOR PROPERTY SOLD BY STATE—COLLECTOR MAY EXECUTE CORRECTED DEED.—When a tax-collector has issued a tax-deed for land sold by the state, which is defective in not conforming in its recitals to the facts, he has power, without special statutory authorization, to execute a second and corrected deed reciting the facts, but he has no power to execute a second deed which shall misstate the facts respecting any proceedings prior to its execution. Such a deed would be void.

ID.—ASSESSMENT OF MORTGAGE ASSIGNED AS COLLATERAL—MISTAKE IN NAME OF OWNER.—Where a mortgage upon land, which is properly assessed for purposes of taxation as an interest in the land, is assigned as collateral security for a debt of the mortgagee, such debt is not assessable as a mortgage interest in the land. An assessment of it as such is invalid, and is not a mere immaterial mistake as to the owner of the real property, within the meaning of section 3628 of the Political Code.

ID.—EXCESSIVE ASSESSMENT OF MORTGAGE—INVALID TAX-DEED.—An assessment of a mortgage on real property cannot be in excess of its face value, and a tax-sale based upon such an excessive valuation is invalid.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

H. M. Anthony, and T. E. Pawlicki, for Appellant.

Jordan & Brann, and Jordan, Rowe & Brann, for Respondents.

THE COURT.—This is an action to quiet plaintiff's title to a lot of land 75x150 feet on London Street in the city and county of San Francisco. Defendant had judgment that he was the absolute owner thereof and enjoining plaintiff from claiming any interest therein. This is an appeal by plaintiff from such judgment.

It is contended that the trial court erred in granting defendant's motion to set aside his default for not answering, after his demurrer to plaintiff's complaint had been overruled with leave to him to answer within twenty days. The demurrer was overruled September 27, 1907, and notice thereof served on defendant's attorneys on October 1, 1907. No answer having been filed, defendant's default was entered October 30, 1907. No judgment was ever entered on this default. On December 4, 1907, defendant served his notice of motion to be made December 13, 1907, for a setting aside of the default and permission to file his answer on the ground of excusable neglect and inadvertence, with his affidavits in support thereof, and on December 5, 1907, served his verified answer. This motion was contested, and having been heard and submitted on December 20, 1907, was granted on January 9, 1908, on condition of payment by defendant to plaintiff of fifty dollars. This amount was deposited by defendant with the clerk of the court for plaintiff, but has never been accepted by him.

We have carefully considered the facts relied on in support of the motion, and, under all the circumstances, do not feel that we would be warranted in holding that the trial court

abused its discretion in granting the same. The motion to set aside the default was made within a reasonable time after the default and the granting of the motion involved no possible prejudice to plaintiff except the necessity of showing that his claim against defendant, a claim based wholly on documentary evidence, was well founded. There was sufficient in the evidence to warrant the trial court in concluding that defendant believed that he had done all that was necessary to insure a defense of the action on the merits, and that he was acting in good faith throughout. The disposition of this court in favor of a hearing on the merits is well known by reason of its decisions on appeal from such orders as the one under review. In the matter of applications for relief under section 473 of the Code of Civil Procedure, much is necessarily left to the discretion of the trial court. While the situation here was such that we would probably not have felt justified in interfering had the trial court denied the motion, we cannot say that it abused its discretion in granting it. (*Merchant's Ad-Sign Co. v. Los Angeles etc. Co.*, 128 Cal. 619, [61 Pac. 277].)

Plaintiff's claim that he is the owner of the property involved is based solely on certain tax proceedings founded on an assessment for state and county taxes for the year 1896. In support of his claim plaintiff offered in evidence a conveyance of the property to the state of California by Edward J. Smith, tax-collector of the "county of San Francisco," dated July 7, 1902. This deed contained the recitals required by section 3785 of the Political Code, reciting an assessment of the property here involved for the year 1896 at two hundred and fifty dollars to "Fr. v. Sasinek No. 33 National Slavonic Society," the non-payment of the tax thereon or any portion thereof, the amount for which it was sold to the state, being $2.43 for tax for county purposes, $1.07 tax for state purposes, and 94 cents accruing costs and charges, an aggregate of $4.44, the sale of said property on July 3, 1897, for said $4.44 delinquent taxes and charges to the state of California as required by section 3771 of the Political Code, a description of the property so sold (being the property here involved), the time when the right of redemption had expired, viz., July 5, 1902, and that no person had redeemed the property. The deed was duly acknowledged and recorded. Plaintiff followed up this deed with a deed from Edward J. Smith, tax-collector of the city and county of

San Francisco, to F. J. Ghiselli, plaintiff's grantor, purporting to convey said property to Ghiselli as the purchaser thereof for two hundred and thirty dollars from the state at a public sale had on March 11, 1905, under the provisions of section 3897 of the Political Code. Section 3898 of the Political Code requires such a deed to recite the facts necessary to authorize such a sale and conveyance, and the deed offered was defective in that it failed to recite that there was a written authorization from the state controller to the tax-collector to sell the property, as is required by section 3897 of the Political Code before any sale can be made. There was also a defect in the recital of publication of notice by the tax-collector before making the sale. An objection to this deed was sustained. Plaintiff subsequently offered a new deed from the state of California by the tax-collector of the city and county of San Francisco to said Ghiselli, based upon said public sale and fully complying with all the requirements of the law as to such deeds, and showing the facts which authorized such sale. An objection of defendant to the reception of this deed in evidence was sustained by the trial court, and error is here predicated on this ruling. The only claim made in support of this ruling is that there is no provision of statute authorizing the issuance of a new or correction deed. No such statute is essential. The law requires the tax-collector to make a deed complying with its terms, and until he had done so he had not complied with its mandate, and could be compelled by *mandamus* to do so. (*Grimm* v. *O'Connell*, 54 Cal. 523.) What was said in *Fox* v. *Townsend*, 152 Cal. 51, [91 Pac. 1004, 1007], in relation to correction deeds by the tax-collector to the state is applicable here. The court said: "Certain correction deeds were made by the tax-collector to the state, and it is urged that these deeds were without authority and void. The general principles governing such correction deeds are well settled. When a tax-deed does not conform in its recitals to the facts, the officer is authorized to execute a second and corrected deed, but he has no power to execute a second deed which shall misstate the facts respecting any proceedings prior to its execution. Such a deed would be void. The power and the duty of the public officer is not exhausted by the execution of an irregular or imperfect tax-deed." (Citing authorities.) The objection made to the introduction of this deed was not well based. The only other

evidence introduced by plaintiff was evidence showing that he had acquired Ghiselli's title.

Upon this evidence, including the correction deed, plaintiff was entitled to judgment that he was the owner of the land, unless the evidence introduced by him showed the invalidity of the deeds. (See *Klumpke* v. *Baker*, 131 Cal. 80, [63 Pac. 137, 676].) The deed to the state was primary evidence of a proper assessment, equalization, levy of tax, non-payment of tax, a sale as prescribed by law, non-redemption of the property, and that the person who executed the deed was the proper officer (Pol. Code, sec. 3786), and so far as the legislature could make it, was conclusive evidence of the regularity of all other proceedings. (Pol. Code, sec. 3787.) Unless successfully impeached by the defendant, its effect was to convey to the state the absolute title to the property described therein. (Pol. Code, sec. 3787.) The correction deed from the tax-collector was *prima facie* evidence of all facts recited therein (Pol. Code, sec. 3898), and the facts so recited showed a vesting of the title of the state in plaintiff's grantor.

The facts relied upon by the defendants to overcome the effect of these deeds are practically conceded, and are substantially as follows: The land itself was assessed to George Somer for the year 1896, the real estate being assessed at four hundred and fifty dollars, and the improvements thereon at nine hundred dollars, making a total of thirteen hundred and fifty dollars, with a deduction on account of mortgage of nine hundred dollars. The following is a copy of that part of the assessment-roll stating these values: "Real estate $450. Imp. $900. Total $1350. Less mortgage $900." The tax on this assessment had been paid. Somer had given a mortgage on the property to one Krshak and his wife for seven hundred dollars, which had been duly recorded. Krshak had borrowed two hundred and fifty dollars from the Fr. v. Sasinek No. 33 National Slavonic Society, and to secure the debt had given to said society a contract which Krshak called a "mortgage upon a mortgage," covering the same property. It was in effect, an assignment of the Somer mortgage as collateral security, and nothing more, though in form a mortgage on the lot. It was duly recorded as a mortgage. The mortgage of Somer to Krshak for seven hundred dollars had apparently been regularly assessed for 1896 as a mortgage interest, and the tax paid

thereon. The purported mortgage of the Slavonic Society was also assessed separately as a mortgage interest in the real property. The tax-deed, as before stated, was based on the last mentioned assessment. The case of the holder of the tax title is predicated upon the provision of section 3628 of the Political Code, that "no mistake in the name of the owner or supposed owner of real property shall render the assessment thereof invalid." The argument is that the law in force at the time of these transactions provided that a mortgage on land constituted a taxable interest therein, to be taxed separately to the owner of the mortgage, the value of which was to be deducted from the total assessed value of the property, as was done in this instance; that the assessment of the property in three parcels, or parts,—one to the owner of the land, one to the owner of the Krshak mortgage, and another to the owner of the Slavonic Society mortgage, was, in effect, an assessment of three parcels of property, and that the only defect therein was that the assessment of the interest represented by the society mortgage was a mistake since there was no such mortgage in fact, that this interest really belonged to Somer, and that it was an assessment of property to the wrong person; in other words, a mistake in the name of the owner, which, under the provision above quoted, would be immaterial and would not affect the validity of the sale.

The theory of the provision of section 3628 is that the owner must be charged with knowledge of the property which he owns, that it is his duty to list the same for assessment and to see that he pays the taxes thereon, and that when endeavoring to ascertain the amount of his tax he must search until he finds his property—if not in his own name, then in such name as the assessor has listed it. If there was nothing more than a mistake in the name in which the property was assessed, the provision of section 3628 would clearly be applicable. But we have here more than a mistake in the name. There was a mistake in assuming—as this assessment did—that there was any such mortgage interest as that which was assessed to the Slavonic Society. The substantial objection to this assessment is not based solely upon the mistake in the name of the person to whom this interest was assessed. It is that the method of assessing the property was such as would naturally mislead the owner in his search for the particulars of his assessment.

The entry opposite his property, where it is assessed to himself, did not inform him that there were two mortgages against it. The word "mortgage" is in the singular number, and it gave him notice only that there was somewhere another assessment against the mortgage interest of the value of nine hundred dollars. He had no knowledge, actual or constructive, of the society mortgage, so called. As a mortgage it was absolutely void. He knew of the mortgage to Krshak, and that it was only seven hundred dollars. Having examined further and found that mortgage, his natural inference would be that there was no other. The finding of the Krshak mortgage, properly assessed, would satisfy the inquiry invited by the reference in his own assessment, and he had nothing to cause suspicion that there was another assessment charged upon a mortgage interest which did not exist. While it may have been his duty—and may still be his duty—to pay the remainder of the tax due from him upon the two hundred dollars valuation, which was represented by the assessment of the society mortgage, being the difference between the Krshak mortgage and the nine hundred dollar mortgage deduction, it cannot be held that such a glaring and deceptive irregularity in the method of assessment is cured by the provision that a mistake in the name shall not invalidate it. Furthermore, so far as appears, the assessment of the society mortgage was for too large a sum. The Krshak mortgage was for seven hundred dollars, and, if it was assessed for its full amount, there was left but two hundred dollars of the assessed valuation to be represented by the society mortgage. The evidence is that this assessment was for two hundred and fifty dollars, making an excess of fifty dollars in the amount upon which the tax was computed. The tax for which the sale was made would therefore be excessive upon this theory of the case.

For these reasons we think the court below correctly held that the tax-deed was invalid.

The judgment is affirmed.

Beatty, C. J., does not participate in the foregoing.

Rehearing denied.