[S. F. No. 9086.  In Bank.—July 8, 1919.]

## F. C. DREW, Petitioner, v. SUPERIOR COURT OF MENDOCINO COUNTY et al., Respondents.

[1] CONTEMPT PROCEEDINGS SUPPLEMENTAL TO EXECUTION—PRESIDENT OF CORPORATION DEBTOR—DUTY TO APPEAR.—It is the duty of the president of a corporation upon being served with an order directing the corporation to appear at a time and place specified for examination concerning its property upon proceedings supplemental to execution, to personally appear at such time and place, and his failure to do so, even in the absence of an express direction that he, personally, appear, is contempt of court.

PROCEEDINGS in Certiorari to annul an order adjudging petitioner guilty of contempt of court.   J. Q. White, Judge. Order affirmed.

The facts are stated in the opinion of the court.

Samuel M. Shortridge, W. H. Metson and R. G. Hudson for Petitioner.

Robert Duncan for Respondents.

WILBUR, J.—The petitioner seeks to have an order of the superior court of Mendocino County, adjudging him guilty of contempt of court, annulled.   A judgment for $7,150 having been rendered in that court against the L. E. White Lumber Company, a corporation, and execution having been returned unsatisfied, an order was made by said court requiring the corporation and the petitioner, F. C. Drew, as president thereof, to appear and answer concerning its property.   The order was served upon the petitioner, who failed to appear for examination, and no appearance was made for or on behalf of the corporation.   The petitioner was thereafter adjudged guilty of contempt for failing to obey said order.   Petitioner claims that the court was without authority to issue the order directing him to appear and testify; that section 714 of the Code of Civil Procedure provides that the order shall be directed to the "judgment debtor."   Petitioner contends that the court could only require the corporation, the "judgment debtor," to attend for examination, and that if the presence of officers of the corporation was required, they must be summoned as witnesses under the provisions of section 718 of the Code of Civil Procedure.   [1]   It is a sufficient answer to petitioner's contention to say that it was his duty, as president of the corporation, upon being served with an order directing the corporation to appear at a time and place specified for examination, to have personally appeared at that time and place for examination, and his failure to do so, even in the absence of an express direction that he, personally, should so appear, was a contempt of the order of the court.   In *Wilson* v. *United States,* 221 U. S. 361, [Ann. Cas. 1912D, 558, 55 L. Ed. 771, 31 Sup. Ct. Rep. 538, see, also, Rose's U. S. Notes]), the supreme court of the United States had under consideration a

similar question as to whether or not a president of a corporation was guilty of contempt of court in refusing to produce books of the corporation in his possession, in response to a subpoena *duces tecum* served upon him directing the corporation to produce said books. In passing upon that question, the court said: "It was further urged . . . that the petitioner should not be held in contempt as the subpoena was not directed to him but merely to the corporation. . . . " In answering that contention, the court, after discussing some other matters, said: "Concluding, then, that the subpoena was valid and that its service imposed upon the corporation the duty of obedience, there can be no doubt that the appellant was likewise bound by it unless, with respect to the books described, he could claim a personal privilege. A command to the corporation was in effect a command to those who are officially responsible for the conduct of its affairs. If they, appraised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience and may be punished for contempt. The applicable principle was thus stated by Chief Justice Waite in *Commissioners* v. *Sellew,* 99 U. S. 624, 627, [25 L. Ed. 333, see, also, Rose's U. S. Notes], where a peremptory *mandamus* was directed against a municipal board: 'As the corporation can only act through its agents, the courts will operate upon the agents through the corporation. When a copy of the writ which has been ordered is served upon the clerk of the board, it will be served upon the corporation, and be equivalent to a command that the persons who may be members of the board shall do what is required. If the members fail to obey, those guilty of disobedience may, if necessary, be punished for the contempt. Although the command is in form to the board, it may be enforced against those through whom alone it can be obeyed. . . . While the board is proceeded against in its corporate capacity, the individual members are punished in their natural capacities for failure to do what the law requires of them as the representatives of the corporation.' See, also, *Leavenworth* v. *Kinney,* 154 U. S. 642, [25 L. Ed. 336, 14 Sup. Ct. Rep. 1198, see, also, Rose's U. S. Notes]; *People* v. *Sturtevant,* 9 N. Y. 277, [59 Am. Dec. 536].

It follows that the petitioner was in contempt of court for refusing to obey the order directed to the L. E. White Lumber Company, of which he is president; that the court was authorized to include in its order directing the appearance of the corporation before the referee the name of the president of the corporation, and that the court was in the exercise of its jurisdiction in declaring the petitioner guilty of contempt.

The order assailed is affirmed.

Shaw, J., Olney, J., Melvin, J., Lawlor, J., Lennon, J., and Angellotti, C. J., concurred.

Rehearing denied.

All the Justices concurred.