[Civ. No. 17754. Third Dist. Aug. 29, 1979.]

DOUGLAS CRUM, Plaintiff and Appellant, v.
CITY OF STOCKTON, Defendant and Respondent.

## COUNSEL

Van Dyke, Shaw & Schuckman and Thomas H. Van Dyke for Plaintiff and Appellant.

Gerald A. Sperry, City Attorney, Ronald M. Stein and John A. Stonich, Deputy City Attorneys, for Defendant and Respondent.

## OPINION

**PARAS, J.**—Plaintiff Douglas Crum appeals from a judgment of dismissal entered after the superior court sustained the demurrer of the defendant City of Stockton (City) to his amended complaint.

Plaintiff initially filed a complaint for money damages on November 23, 1977, alleging that police officers employed by the City arrested and imprisoned him without "reasonable cause." He further alleged the officers refused to preserve evidence tending to prove civil liability for the arrest against codefendant Sambo's Restaurant, a corporation (Sambo), against which a separate cause of action was pleaded. City filed an answer and moved for summary judgment. Prior to hearing plaintiff filed his own motion for leave to file an amended complaint. Both motions were heard at the same time; both were granted, with plaintiff conceding the validity of the defense motion.

The ensuing amended complaint contains two causes of action against City. The first again alleges that City's officers arrested plaintiff without reasonable cause, but adds that they "negligently" refused to preserve evidence tending to show liability of Sambo "when they had the duty to do so." The second cause of action alleges the officers intentionally refused to preserve such evidence. Sambo's alleged liability is set forth in a third cause of action.

City demurred to the amended complaint on the ground that the summary judgment ruling is res judicata, that no cause of action is stated, and that it is immune from such suit under Government Code section 820.2. The demurrer was sustained without leave to amend on the basis that the first cause of action had already been ruled upon in the summary judgment proceeding and the second did not state a cause of action; the court also determined the officers' refusal to preserve the evidence was a discretionary act to which the section 820.2 immunity attaches. Judgment of dismissal followed.

The allegations of the original and amended complaints, the declarations in support of the summary judgment motion, and the declaration of plaintiff in support of his motion for an amended complaint, all disclose the following facts. At about 12:30 a.m. on August 21, 1977, plaintiff entered a Sambo Restaurant in Stockton and ordered steak, eggs and coffee. After consuming approximately one-half the meal he informed the restaurant's manager that he had ordered a "New York" steak but was served a "Spencer"[1] steak instead; accordingly he would only pay for the coffee and nothing more. The manager insisted that since plaintiff ate the steak he would pay for it or the police would be called. When two policemen arrived and were told the story by both parties, one of them asked plaintiff to "please come outside so that we can settle this matter." Plaintiff responded by asking if he was under arrest, and was told he was not; he then said he would leave. One of the officers then went to the manager and informed him that they could make no arrest since no offense (Pen. Code, § 537) was committed in their presence. He added that if the manager himself desired to make the arrest per Penal Code sections 834, 837, and 841, they would assist him if he signed a form requesting such assistance. The manager signed such a form and the arrest was made, the officers performing the duty required of them by Penal Code section 142. As plaintiff was being led out of the restaurant he stated to the officers: "You better pick up that steak, there's going to be a lawsuit over this." The officers did not comply with the demand.

---

[1]Although we are familiar with a "New York" steak, the concept of a "Spencer" steak has somehow eluded us. Neither the record nor the dictionary has given us any assistance.

■  We reject the contention that law enforcement officers have a duty to anticipate civil litigation and preserve evidence to support or defeat it whenever they make an arrest.[2] No authority is cited for such a proposition other than the Restatement Second of Torts, section 314A. That section states in pertinent part that "One who is required by law to take or who voluntarily takes the custody of another under circumstances such as to deprive the other of his normal opportunities for protection is under a similar duty to the other." The protection contemplated by the section is against an unreasonable risk of harm. (Rest.2d Torts, § 314A, coms. a-f, illus. 1-7.) The section was never intended to require an officer to collect and preserve evidence concerning an arrest in anticipation that a civil suit will later be brought by the person arrested.[3]

There is no merit in the contention that the court abused its discretion by sustaining the demurrer without leave to amend; the claim is made that plaintiff could have amended his complaint to state a cause of action for violation of his civil rights. The Civil Rights Act (42 U.S.C. § 1981 et seq.) provides liability only where there has been a deprivation of a federally protected right. (*Taylor* v. *Mitzel* (1978) 82 Cal.App.3d 665, 674 [147 Cal.Rptr. 323].) There is nothing in the facts involved here to suggest in any way the potential existence of a civil rights cause of action against City; the court properly refused to allow further amendment. (*Routh* v. *Quinn* (1942) 20 Cal.2d 488, 493-494 [127 P.2d 1, 149 A.L.R. 215].)

The judgment is affirmed.

Regan, Acting P. J., concurred.

**REYNOSO, J.**—I concur in the result but vigorously dissent from the majority's characterization of the principal issue. The facts of this case

[2]Plaintiff concedes that he has no cause of action against the City based upon false arrest or imprisonment. His sole contention is that the failure of the police to comply with his bidding and take control of the steak is tortious conduct on their part.

[3]We need not address a secondary issue, because plaintiff does not concern himself with it. That issue involves damages, an essential element of any tort. (4 Witkin, Summary of Cal.Law (8th ed. 1974) Torts, § 841, p. 3135.) The preservation (vel non) of the steak could not have prevented the arrest, hence *caused* no damage. The crime for which plaintiff was arrested was never prosecuted, hence the steak was not needed to prove or disprove guilt or innocence. And plaintiff does not allege that the steak's existence or nonexistence has had or will have any effect upon the civil action against Sambo.

give rise to an issue of governmental immunity, not to an issue of whether or not the law enforcement officers have a duty to anticipate civil litigation and "preserve" evidence to support or defeat that litigation. If we resolve the issue of governmental immunity we need not resolve what the parties refer to as a "mis-steak;" we need not perpetuate that mistake.

Plaintiff has characterized the issue in his appellate brief as has the majority; is there a duty on the part of the police to "preserve" the evidence in question? However, such a characterization is mistaken in light of the facts pleaded; an appellate court has no duty to accept a mistaken characterization of the issue. In my view, we deal with this: Was this (1) a ministerial act, or (2) an act which calls upon the use of discretion when the police decline to take perishable evidence into custody during an investigation. I do not believe it can be seriously argued that the police enjoy no discretion as to how to conduct an investigation. That discretion, in turn, cloaks the police with the immunity of Government Code section 820.2 which reads: "Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused." End of matter.

While I believe the foregoing resolves the true issue presented I need to add a word about my discomfort with the majority opinion. Under some peculiar circumstances there may in fact be the duty on the part of police officers to gather and preserve evidence. Such duty would lie either as an exception to the statutory immunity, or because no discretion was involved. A peculiar relationship may produce an exception to the general rule. At hand we have two police officers who were called by a restaurant operator because of a controversy with a patron. Unlike the majority, I see the controversy as a legitimate one. The record reflects that we deal with a plaintiff who had 19 years experience in the meat industry who knew when he got a mislabled steak. The record does not indicate that he consumed the steak. Whether or not an experienced steak man should have been on notice that when he goes to a nonspecialty restaurant like Sambo's he may not receive what he orders is a question we do not face; we do not deal with a fine restaurant specializing in steaks. The police officers, who did not see the alleged misdemeanor committed, advised the restaurant operator exactly what he had to do to seek the arrest of the plaintiff and exactly what Penal Code sections he should charge. That is, the police officers were more than innocent bystanders responding to a citizen who wanted to make an arrest.

Whether a peculiar relationship was thereby established with the plaintiff giving rise to a duty on their part is another matter. The police, certainly, should not be penal enforcers of civil disputes. That the police officers arrested the patron (rather than cited him) when the incident arose from a legitimate "beef" leaves much to be desired. Whether they had reason to know that the restaurant operator would in fact not follow up on the citizen's arrest is not shown by the record. Nor does the record tell us whether the police had a place (i.e., refrigerator, deep freeze) in which to keep their valued evidence. The record, in short, does not lend itself to the broad conclusion reached by the majority. Nor, as I have indicated, do we need to reach such a conclusion. Better to leave such decisional lawmaking to factual circumstances that truly present those issues and not, as here, when they are presented only by the entertaining imagination of the attorneys. Nature, not judges, should be in charge of making mountains out of mole hills.