Filed 3/20/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| HYUNDAI MOTOR AMERICA,<br><br>Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF ORANGE COUNTY,<br><br>Respondent,<br><br>ADAM ROSEN,<br><br>Real Party in Interest. | G051279<br><br>(Super. Ct. No. 30-2013-00627447)<br><br>O P I N I O N |

Original proceedings; petition for a writ of mandate to challenge an order of the Superior Court of Orange County, Kirk H. Nakamura, Judge. Petition granted.

Beatty & Myers, LLP, Sean D. Beatty, John W. Myers IV and Katrina J. Walasik for Petitioner.

No appearance for Respondent.

Anderson Law Firm and Martin W. Anderson for Real Party in Interest.

\* \* \*

THE COURT:*

"Nature, not judges, should be in charge of making mountains out of mole hills." (*Crum v. City of Stockton* (1979) 96 Cal.App.3d 519, 524 (conc. & dis. opn. of Reynoso, J.).)

This writ petition came to this court on a request by petitioner Hyundai Motor America (Hyundai) to stay a scheduled judgment debtor examination of its president and chief executive officer over a dispute regarding an attempt by real party Adam Rosen (Rosen) to collect supposed postjudgment interest of $462.50 on an attorney fee award of $42,203.

Hyundai promptly paid the entire fee award, but refused to pay any additional sums for interest. Rosen accepted the tendered amount but deducted $462.50 as an interest payment, allegedly leaving part of the principal balance unpaid. From this initial $462.50, Rosen now claims that Hyundai owes more than $13,000 for additional interest and attorney fees in less than a six-month period — one of the best growth investments we have seen.

There is a short answer to Rosen's claim for postjudgment interest: the attorney fee order was filed months before the entry of the final judgment in this matter. By law, postjudgment interest accrues in lemon-law cases at the time the final judgment is entered. (Code Civ. Proc., § 685.020; Civ. Code, § 1794, subd. (d).) When respondent court filed and entered its final judgment on November 21, 2014, Rosen's attorney fee award had long been paid. As a result, Rosen is not entitled to postjudgment interest of $462.50, or in any amount.

---

* Before Rylaarsdam, Acting P.J., Aronson, J., and Thompson, J.

2

# I

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

A.      *Hyundai's Statutory Offer and First Payment of $36,484 to Rosen*

In July 2010, Rosen bought a 2010 Hyundai Tucson for $29,455.  In January 2013, Rosen filed a lemon law action against Hyundai under the Song-Beverly Consumer Warranty Act (Civ. Code, § 1790 et seq.; Song-Beverly Act), alleging various defects, including engine hesitancy, jerkiness and sudden and unexpected stops.  Rosen sought a refund for the car, and civil penalties, as well as attorney fees and prejudgment interest.

In August 2013, Hyundai served Rosen with a statutory offer to compromise pursuant to Code of Civil Procedure section 998 (section 998).  In exchange for the return of the vehicle with clear title and dismissal of the action with prejudice, Hyundai agreed to pay Rosen $20,095 and the lien holder $12,157, for a total payment of $32,252, as well as any additional actual payment for registration fees or rental car expenses, "if different."  Hyundai also offered to pay Rosen's "reasonably incurred attorney's fees and court costs to be determined by the court on noticed motion."

Rosen filed a notice of acceptance, but also applied for the entry of a judgment against Hyundai.  Rosen submitted a proposed judgment to respondent court for its signature.  Hyundai objected, claiming a section 998 offer can be conditioned on a release or dismissal.

On October 15, 2013, respondent court sustained Hyundai's objection and declined to sign Rosen's proposed judgment.  Respondent court determined that Hyundai's proposed procedure for dismissal of the lemon law suit was consistent with section 998.  Rosen unsuccessfully filed a petition for writ of mandate. (*Rosen v. Superior Court*, Feb. 6, 2014 (G049314).)

3

On January 24, 2014, Hyundai submitted a check to Rosen in the amount of $24,659, as well as a lien payoff check in exchange for Rosen's execution of the necessary documents to transfer the vehicle back to Hyundai. Rosen's counsel declined to accept the tender unless it was "unconditional." Counsel voided the check and returned it to Hyundai.

In March 2014, the parties stipulated to allow respondent court to decide the following issues by motion: (1) Rosen's reasonable attorney fees and reasonable costs under the section 998 offer, and (2) whether Rosen was entitled to recover interest from Hyundai "on amounts paid under [Rosen's] accepted Code of Civil Procedure section 998 offer, and if so, the amount due."

On April 2, 2014, Hyundai tendered a new check for $26,579 to Rosen and another check to the lienholder for $9,905, for a total payment of $36,484. Rosen accepted the check and surrendered the vehicle.

B.      *The Parties' Dispute on Interest and Attorney's Fees on the First Payment of $36,484 to Rosen*

In May 2014, Rosen moved for an order to award him attorney fees and costs of $60,536, and an additional award of interest of $1,431. Rosen sought interest at annual rate of 10 percent from the date he accepted Hyundai's section 998 offer on August 20, 2013, pursuant to Civil Code section 3289, subdivision (b), as well as some additional sums.

On July 31, 2014, respondent court held a hearing on Rosen's motion for attorney fees and interest. The court, by unsigned minute order, awarded Rosen $42,203 in attorney fees and costs, and denied Rosen's request for interest on the section 998 offer. The court ordered that Rosen's action be dismissed with prejudice, and directed Rosen to give notice.

On September 24, 2014, Rosen filed a notice of appeal from the July 31, 2014 minute order. (*Rosen v. Hyundai Motor America*, G050760.) On October 27, 2014,

4

this court issued an order informing Rosen that it was considering dismissing his appeal "because a minute order from the trial court dismissing a case is not an appealable order. An appeal may be taken only from the subsequent judgment of dismissal signed by the trial court. (Code Civ. Proc., § 581d; *Powell v. County of Orange* (2011) 197 Cal.App.4th 1573, 1578.)"

On October 31, 2014, Rosen submitted a proposed judgment, which respondent court signed on November 21, 2014. This court thereupon issued an order treating Rosen's premature notice of appeal as if it were filed immediately after the November 21, 2014 judgment, and directing that the appeal proceed. (Cal. Rules of Court, rule 8.104(d)(2).)

C.     *Hyundai's Second Payment of $42,203 to Rosen and the Parties' Dispute Over Interest and Attorney's Fee on the Second Payment*

On September 8, 2014, Hyundai submitted a check for $42,203 as payment for attorney fees and cost award in the July 31, 2014 minute order. Rosen's counsel accepted the check, but claimed it was short by $462.50, which counsel asserted was the amount of postjudgment interest from the date of the minute order. Counsel explained that he applied Hyundai's tender to interest first and then to principal, leaving $462.50 in principal still due and owing, along with interest and enforcement costs.

On September 19, 2014, Rosen filed an order for Hyundai's president, Dave Zuchowski, to appear for a judgment debtor's examination on October 23, 2014. Rosen claimed that Hyundai owed accrued interest of $462.50, and sought additional enforcement fees and costs of $662.

On October 6, 2014, Hyundai filed a motion to strike Rosen's costs memoranda because "[t]here is, and never was, any 'judgment' in this case." On December 18, 2014, respondent court, by minute order, denied Hyundai's motion to strike. Respondent court determined that its July 31, 2014 minute order was enforceable

5

as a money judgment, and bore postjudgment interest of 10 percent per annum from July 31, 2014 onwards.

Rosen continued to file additional cost memoranda. By mid-December 2014, Rosen sought a total of $894 in accrued interest, and $11,752 in attorney fees and other collection costs. Rosen scheduled a new judgment debtor's examination of Hyundai's chief executive officer and president for January 15, 2015.

In its writ petition, Hyundai prayed that this court direct respondent court to vacate its December 18, 2014 minute order and any further enforcement efforts by Rosen, including the scheduled judgment debtor's examination.

On January 14, 2015, we granted Hyundai's stay request, and issued a *Palma* notice. (See *Palma v. U.S. Industrial Fasteners, Inc*. (1984) 36 Cal.3d 171, 179 (*Palma*). Rosen filed an informal response, with supporting exhibits, on January 28, 2015.

II

**NEITHER THE JULY 31, 2014 NOR THE AUGUST 29, 2014 ORDER IS A FINAL JUDGMENT THAT BEARS POSTJUDGMENT INTEREST.**

Only final judgments bear postjudgment interest. Code of Civil Procedure section 685.020, subdivision (a), provides, in pertinent part: "interest commences to accrue on a money judgment on the date of entry of the judgment."

Courts have interpreted the statute to mean what it says: a judicial determination regarding a money award does not bear postjudgment interest until a final judgment is entered. "There can be no interest on a judgment prior to its rendition and entry." (*Jones v. World Life Research Institute* (1976) 60 Cal.App.3d 836, 847, italics omitted.)

In *Pellegrini v. Weiss* (2008) 165 Cal.App.4th 515, 532 (*Pellegrini*), the Court of Appeal was called upon to determine the trigger point from which interest commenced to run on a $300,000 jury award of damages to plaintiff arising from a failed

6

real estate joint venture with defendant. The jury returned with its verdict in July 2005, and the trial court entered judgment in October 2005, and vacated it and entered a new judgment in January 2006. Citing Code of Civil Procedure section 685.020, *Pellegrini* held that postjudgment interest accrued only from the entry of the final judgment in January 2006, not from the previous (and now vacated) judgment date. (*Pellegrini*, *supra*, 165 Cal.App.4th at p. 532.)

The Song-Beverly Act bears out the need for a judgment (or its equivalent) as a final disposition of the litigation to which the attorney fee award attaches. Civil Code section 1794, subdivision (d), provides that the prevailing buyer in a lemon law case "shall be allowed by the court to recover *as part of the judgment* a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." (Italics added.)

What is the final judgment here? The final judgment is the judgment of dismissal filed and entered on November 21, 2014. Because the judgment of dismissal serves as the final disposition of Rosen's action against Hyundai, it satisfies the requirement in the Song-Beverly Act that any fee award be part of the judgment in favor of the prevailing buyer. "Such final dispositions . . . [are] tantamount or equivalent to a judgment for purposes of Code of Civil Procedure section 998 and/or for allowing the trial court to determine the prevailing party and to award costs and fees under fee-shifting statutes." (*Wohlgemuth v. Caterpillar Inc*. (2012) 207 Cal.App.4th 1252, 1263 (*Wohlgemuth*).)

*Wohlgemuth* is directly on point. In *Wohlgemuth,* the Court of Appeal affirmed an award of attorney fees and costs to a buyer who dismissed his action following his acceptance of the manufacturer's section 998 offer. For purposes of the Song-Beverly Act, *Wohlgemuth* held that the term "judgment" in Civil Code section 1794, subdivision (d), could include any final determination of the rights of the parties in

7

an action or proceeding, including a compromise agreement calling for a payment by a vehicle manufacturer and dismissal of the lemon law action by the buyer.  (*Wohlgemuth, supra,* 207 Cal.App.4th at p. 1260.)  "Thus, where a dismissal with prejudice is entered as part of a compromise agreement under Code of Civil Procedure section 998, it is the equivalent of a judgment for purposes of [Civil Code] section 1794(d)."  (*Id.* at p. 1261.)

Rosen himself admits to as much.  In his opposition to Hyundai's writ petition, he states:  "[t]he final judgment in this action was entered on November 21, 2014."  By that time, Hyundai had fully paid all the amounts awarded by respondent court, including the direction in the unsigned July 31, 2014 minute order for attorney fees.  There being no final judgment for damages, costs, or fees, there is no basis upon which to start the calculator running for postjudgment interest.

Rosen contends, and respondent court held, that there is an earlier final judgment to which postjudgment interest attaches:  the July 31, 2014 minute order which adjudicated the amount of attorney fees to which Rosen was entitled under the Song-Beverly Act.  Rosen relies on the fact that California's Enforcement of Judgments Law (EJL) defines the word "judgment" to mean "a judgment, order, or decree entered in a court of this state."  (Code Civ. Proc., § 680.230.)  In like fashion, respondent court noted that the July 31, 2014 minute order "is enforceable as a money judgment under the Enforcement of Judgments Law.  (CCP 680.230, CCP 680.270.)"

Rosen and respondent court are mistaken.  The EJL does not automatically convert every statutory minute order, such as the July 31, 2014 minute order, into an enforceable judgment.  "[L]itigants do not have license to substitute the word 'order' everywhere the word 'judgment' appears in the EJL, regardless of the circumstances or statutory intent."  (*Lucky United Properties Investment, Inc. v. Lee* (2010) 185 Cal.App.4th 125, 144.)

In order to be an enforceable judgment for attorney fees under the Song-Beverly Act, to which postjudgment interest begins to run, the judgment or order must

8

finally dispose of the rights of the parties in the action. (See Civ. Code, § 1794, subd. (d); *Wohlgemuth*, *supra,* 207 Cal.App.4th at pp. 1260-1261.)

The July 31, 2014 minute order does not do so. The order itself recognized its own inherent limitations because it also directed the dismissal of Rosen's action against Hyundai with prejudice. That is because an unsigned minute order itself cannot serve as the judgment of dismissal. (Code Civ. Proc., § 581d; *Powell v. County of Orange*, *supra,* 197 Cal.App.4th at p. 1578.)

Following the July 31, 2014 minute order, Rosen submitted a proposed order for the court's signature, but he omitted the court's directive in the minute order about dismissing the lawsuit with prejudice. While respondent court signed the proposed order on August 29, 2014, the order left Rosen's action against Hyundai in limbo, without a final disposition.

Not until November 21, 2014, did respondent court sign and enter a final dismissal of the underlying litigation. And that event only occurred after this court ordered Rosen to do so on pain of dismissal of his appeal in case No. G050760.

Under these circumstances, we cannot view either the July 31, 2014 minute order or the subsequent August 29, 2014 order as a final judgment to which postjudgment interest begins to run. Rosen's counsel improperly deducted postjudgment interest from Hyundai's September 8, 2014 payment for attorney fees and costs because there was no final judgment until November 21, 2014.

III

**A PEREMPTORY WRIT IN THE FIRST INSTANCE IS APPROPRIATE BECAUSE OF HYUNDAI'S CLEAR ENTITLEMENT TO RELIEF.**

Hyundai lacks any plain, speedy or adequate remedy at law. Following our *Palma* notice, Rosen filed a 24-page informal response and a 215-page set of supporting exhibits. Hyundai's entitlement to relief is "obvious" and "entirely clear." (*Ng v. Superior Court* (1992) 4 Cal.4th 29, 35.) No purpose is served by plenary

9

consideration of the issue, and Rosen's enforcement efforts have created a "compelling temporal urgency." (*Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1259-1260.)

The procedural setting in this writ proceeding is similar to the procedural setting in *Ducoing v. Superior Court* (2015) 234 Cal.App.4th 306 (*Ducoing*), where a different panel of this court issued a peremptory writ in the first instance, following a *Palma* notice and real parties' opposition. In *Ducoing,* like here, the real parties initiated enforcement proceedings, including a scheduled judgment debtor's examination, which gave rise to a compelling need for an expedited decision. (See also *Fox Johns Lazar Pekin & Wexler, APC v. Superior Court* (2013) 219 Cal.App.4th 1210, 1216 [writ of mandate to resolve proper scope of proposed judgment debtor's examination against third party].)

A cautionary note about litigation tactics. As we have noted, this proceeding came to us on Hyundai's emergency request to stay the scheduled judgment debtor's examination of its chief executive officer in connection with an alleged "debt" of $462.50. We cannot fathom any legitimate reason for such a statutory procedure under the circumstances of this case, given the minimal amount and questionable provenance of the "debt," and Hyundai's obvious ability to pay.

Assuredly, such a tactic was designed to get Hyundai's attention. But it had the unintended effect of attracting our attention as well, giving rise to the extraordinary remedy of a peremptory writ in the first instance. We doubt this is a wise use of anyone's resources. [1]

_____

[1] None of the parties has briefed – and therefore we do not address – the circumstances in which a judgment creditor may conduct a so-called "apex" deposition of a high-ranking officer or executive in the context of a judgment debtor's examination. (See Code Civ. Proc., § 708.150; and see *Liberty Mutual Ins. Co. v. Superior Court* (1992) 10 Cal.App.4th 1282, 1287.) We note that trial courts have discretion "on motion of the person to be examined or on its own motion, [to] make such protective orders as justice may require." (Code Civ. Proc., § 708.200.)

## DISPOSITION

Let a peremptory writ of mandate issue in the first instance directing respondent court to vacate its order of December 18, 2014 denying petitioner's motion to strike costs, and to enter a new and different order granting petitioner's motion. Upon finality of this decision as to this court, the temporary stay order of the judgment debtor's examination of petitioner's chief executive officer and president shall be dissolved. Petitioner shall recover its costs in this writ proceeding.