**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MAMIKON KARAPETIAN,<br><br>  Plaintiff - Appellant,<br><br>v.<br><br>KIA MOTORS AMERICA, INC.,<br><br>  Defendant - Appellee. | No. 14-55457<br><br>D.C. No. 8:08-cv-00227-CJC-RNB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted March 9, 2016[**]
Pasadena, California

Before: REINHARDT, MURGUIA, and OWENS, Circuit Judges.

Mamikon Karapetian appeals the district court's order denying his requests

for a judgment debtor examination under Cal. Code Civ. P. § 708.110(a) and for

attorney's fees under Cal. Civ. Code § 1794(d).  Reviewing the district court's

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

legal determinations de novo, *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016), and its denial of attorney's fees under California law for abuse of discretion, *Doppes v. Bentley Motors, Inc.*, 94 Cal. Rptr. 3d 802, 828 (Ct. App. 2009), we affirm.

**1.** Karapetian was not entitled to a judgment debtor examination. A judgment creditor's right to a judgment debtor examination is not absolute, as a court may prevent an examination and grant a protective order "as justice may require." Cal. Code Civ. P. § 708.200. More fundamentally, there must be a debt to collect. *See* Cal. Code Civ. P. § 680.240 ("'Judgment creditor' means the person in whose favor a judgment is rendered."). Kia paid the $205,675.23 attorney's fee award ordered by the district court. Karapetian's attorney, Martin Anderson, never asked the court for an award of post-judgment interest, nor would he tell Kia how much he wanted even after the company paid the attorney's fee award and repeatedly asked him to provide an interest calculation. The district court did not err in rejecting a judgment debtor examination over an indeterminate amount that, in his papers before the district court, Anderson suggested would amount to no more than a few hundred dollars. Like the California Court of Appeal in another case involving Anderson's attempt to force a judgment debtor examination of a multi-national corporation's president over a few hundred dollars, "[w]e cannot fathom

2

any legitimate reason for such a statutory procedure under the circumstances of this case, given the minimal amount and questionable provenance of the 'debt,' and [Kia']s obvious ability to pay." *Hyundai Motor Am. v. Superior Court*, 185 Cal. Rptr. 3d 349, 355 (Ct. App. 2015)

**2.** The district court acted well within its discretion in denying Anderson's request for additional attorney's fees. *Doppes*, 94 Cal. Rptr. 3d at 828 ("The experienced trial judge is the best judge of the value of professional services rendered in his or her court, and while his or her judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong." (internal quotation marks and alteration omitted)). California courts have consistently held that trial courts are *not* required to issue a statement of decision for attorney's fee awards. *See Ketchum v. Moses*, 17 P.3d 735, 747 (Cal. 2001); *Christian Research Inst. v. Alnor*, 81 Cal. Rptr. 3d 866, 872 (Ct. App. 2008). The district court nonetheless stated its reasons for denying attorney's fees, and those reasons are amply supported by the record.

Anderson's conduct in this case was patently unreasonable, if not harassing and frivolous. The record shows, for example, that Anderson needlessly prolonged the dispute over the post-judgment interest amount. Even after Kia paid the $205,675.23 attorney's fee award, Anderson persisted in his request for post-

judgment interest while stubbornly refusing to state how much he actually wanted. Nothing prevented him from giving Kia a simple estimate, especially after Kia repeatedly asked for a calculation and even made an offer to pay post-judgment interest. Anderson instead dragged out the issue as long as possible, quite evidently inflating the bill he would later attempt to force Kia to pay.

Trying to keep Kia from selling vehicles throughout California or to hale its president into court over a questionable post-judgment interest "debt" amounting to no more than a few hundred dollars hardly amounts to work that was "useful and of a type ordinarily necessary to secure the litigation's final result." *Meister v. Regents of Univ. of Cal.*, 78 Cal. Rptr. 2d 913, 925 (Ct. App. 1998) (quoting *Stewart v. Gates*, 987 F.2d 1450, 1452 (9th Cir. 1993)). Nor was the district court required to consider billings Anderson could have easily submitted in earlier fee requests.

We endorse the California Court of Appeal's "cautionary note about litigation tactics," and also question whether this case "is a wise use of anyone's resources." *Hyundai*, 185 Cal. Rptr. 3d at 355–56. As that court observed with respect to Anderson's disturbingly familiar pattern of conduct, "[n]ature, not judges, should be in charge of making mountains out of mole hills." *Id.* at 351 (quoting *Crum v. City of Stockton*, 157 Cal. Rptr. 823, 826 (Ct. App. 1979)

4

(Reynoso, J., concurring in part and dissenting in part)).  We echo that sentiment here.

**AFFIRMED.**