Filed 1/24/22  Shangri La Care Center v. County of Ventura CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).   This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| SHANGRI LA CARE CENTER, INC., | 2d Civ. No. B309790 (Super. Ct. No. 56-2020-00543549-CU-WM-VTA) |
| Plaintiff and Appellant, | (Ventura County) |
| v. | |
| COUNTY OF VENTURA, | |
| Defendant and Respondent. | |

Appellant Shangri La Care Center, Inc., sought damages for the destruction and decomposition of cannabis, commonly known as marijuana, seized by Ventura County (County) pursuant to search warrants.[1]  The judgment was entered after the trial court had sustained County's demurrer without leave to amend.

We reject County's contention that appellant's present action is barred by the doctrine of res judicata.  The doctrine is

---

[1] We use "cannabis" and "marijuana" interchangeably.

inapplicable because a judgment was not entered in the prior action that is the basis for County's res judicata claim. On the other hand, we agree with County that appellant filed its present action after the expiration of the three-year statute of limitations and that the running of the statute was not tolled. We reject appellant's argument that County is judicially estopped from arguing that the action is barred by the statute of limitations. Accordingly, we affirm.

*Procedural Background*

2016 Petition

On October 7, 2016, appellant filed a petition for a writ of mandamus (2016 petition). The 2016 petition was amended three times. The third amended petition, dated September 5, 2017, sought a writ of mandamus directing County to return appellant's cannabis plants and products that had not been "wasted, damaged or destroyed." County seized the cannabis pursuant to search warrants executed during four raids of appellant's premises in 2015 and 2016. "For property taken that has been wasted, damaged or destroyed," appellant sought to recover "the reasonable value of such property." Appellant estimated that the value of all of its property taken by County was "in excess of at least fifteen million dollars."

In the third amended petition, appellant alleged that it "is a Collective . . . consisting of medical cannabis patients and patient caregivers." It has "operated in conformance with state medical marijuana laws." Therefore, the seized cannabis "was legally in [its] possession . . . [and] was not contraband." "To date, [appellant] has not been charged with any crime." (Underlining omitted.) "[A]ll 44 felony charges" filed against Jeffrey Kroll, appellant's "head of operations," were dismissed,

2

and "no criminal charges are pending against [him]."
(Capitalization and underlining omitted.)  In its reply brief in the
present appeal, appellant states that "criminal charges were
dismissed against Kroll on June 21, 2017."

County demurred to the third amended petition.  It noted
that appellant had failed to file a motion in the criminal court for
the return of the seized property pursuant to Penal Code section
1536 (section 1536), which provides, "All property or things taken
on a warrant must be retained by the officer in his custody,
subject to the order of the court to which he is required to return
the proceedings before him, or of any other court in which the
offense in respect to which the property or things taken is
triable."  County argued:  "[N]o petition . . . seek[ing] the return
of seized property can be appropriately filed until after . . . a
formal [section 1536] request and denial for the return of
property is made to the criminal court.  Here, this statutory
prerequisite has not been attempted, let alone satisfied."  County
also argued that, because the seized marijuana is contraband,
appellant "is not entitled to [its] return . . . or its replacement
value."  County observed that although no charges were
"currently pending against [Kroll, appellant's] president and
head of operations," the applicable three-year criminal statute of
limitations had not yet expired.  (Pen. Code, § 801.)  Thus, the
seized property could be used as "evidence in a criminal
proceeding at some point."

On December 21, 2017, the trial court sustained County's
demurrer to the third amended petition without leave to amend.
The court did not state its reasons for the ruling.  The court did
not dismiss the action.

## Return of Seized Property

On April 23, 2019, 16 months after the sustaining of the demurrer to the third amended petition, appellant and Kroll moved in the criminal court for the return of property pursuant to section 1536.  The property had been seized by County from appellant's premises on the following dates: September 10, 2015, October 6, 2015, December 9, 2015, and April 14, 2016.  Appellant and Kroll alleged that they had "waited until the three-year statutory time for County to re-file charges against Kroll [had] passed, in order to bring this motion as there can no longer be any claim that the property sought to be returned herein is evidence in any criminal proceeding."[2]  The criminal court ordered that the property be released to Kroll.  The still-existing property was returned in August 2019.  Marijuana plants cut from the ground during the September 2015 raid were not returned because "the plants were destroyed at the time" they were seized.

## Motion for Leave to File Fourth
## Amended Petition in 2016 Action

In a document dated December 16, 2019, appellant moved for leave to file a fourth amended petition in the 2016 action.  The proposed petition sought "monetary damages for all . . . property that was destroyed, damaged or lost, and therefore not returned to [appellant] . . . ."

The trial court denied the motion.  Its ruling is set forth in an unsigned minute order that stated:  "In essence, [appellant] seeks reconsideration of the Court's December 21, 2017, order sustaining the demurrer to the Third-Amended Petition without

---

[2] In its reply brief appellant states that "the criminal statute of limitations against Kroll expired on April 14, 2019."

4

leave to amend and the resulting judgment of dismissal. [But no judgment of dismissal was entered.] The Court does not have jurisdiction to reconsider that ruling or act any further in this matter." "This action remains disposed of by the judgment of dismissal entered on December 21, 2017."

### Petition for Writ of Mandate in this Court

Appellant petitioned this court for a writ of mandate directing the trial court to vacate its order denying appellant's motion for leave to file a fourth amended petition. In its opening brief in the present case, appellant asserts that it "sought relief in the appellate court via the Petition for Writ of Manda[te], instead of an appeal," because "there was no final judgment in the [2016] action." In April 2020 we summarily denied the petition.

### Present 2020 Petition

On July 23, 2020, more than three years after criminal charges had been dismissed against Kroll, appellant filed a new petition for a writ of mandamus (2020 petition). This is the petition at issue in this appeal. The 2020 petition alleged: "[Appellant] was <u>never</u> charged with any criminal offense." "All criminal charges brought against [its] members and associates were ultimately dismissed . . . . [Appellant] . . . seeks to recover the monetary value for its lawful property that was destroyed, and property that was damaged . . . while in the possession of [County] . . . ."[3] The petition continued: During county's raid of

---

[3] In its prayer for relief, appellant requested that County "[p]ay the reasonable value of such property that [County] destroyed, lost, wasted or damaged, or converted . . . ." Appellant should have filed a complaint for damages, not a petition for a writ of mandamus. "Mandamus is not an action for damages

5

appellant's premises in September 2015, County "seized and summarily destroyed . . . approximately 880 high-grade, high-yield medical marijuana plants." The marijuana seized on other occasions "was all badly decompensated and full of bugs" when it was returned to appellant. "[Appellant] determined that all inventories of packaged and stored cannabis products seized from [appellant's] offices in the subject Raids, although returned, was in such damaged and degraded condition that all value was lost."

<u>County's Demurrer to 2020 Petition</u>

County demurred to the 2020 petition. It maintained that the petition is barred by the doctrine of res judicata, the statute of limitations, and the doctrine of laches. County also claimed that it had lawfully destroyed the 880 marijuana plants and "had no duty to preserve and return the [other] seized marijuana."

The court's ruling on the demurrer states: "The Court Sustains, without leave to amend, [County's] demurrer [to the 2020 petition] on grounds the matter is barred by the doctrine of res judicata. [Citation.] [Appellant] raised the same facts and claims alleged here in a prior action [the 2016 petition], which the court dismissed without leave to amend after [appellant] failed to state a claim, despite having the opportunity to amend

---

because it is an equitable, not a legal remedy." (*California Assn. for Health Services at Home v. State Dept. of Health Services* (2007) 148 Cal.App.4th 696, 705.) This is not a case where "mandamus will lie [because] the recovery of money is merely ancillary to an underlying proceeding which seeks performance of a ministerial duty." (*Holt v. Kelly* (1978) 20 Cal.3d 560, 565, fn. 5.) The 2020 petition seeks only the recovery of damages. The seized property that still existed had already been returned to appellant.

the action three times. . . . [¶] The [2020] Petition is also barred by the applicable statute of limitations, since it was filed over three years after the incident at issue. [Citation.] The Petition is further barred by the doctrine of laches, as [appellant's] unreasonable three-year delay before seeking the return of seized marijuana prejudiced [County], given that [it] could not possibly maintain the perishable product in pristine condition for that amount of time."

In October 2020 the court signed a document entitled "Judgment." The court ordered "that judgment is entered in favor of [County] and against [appellant], and that [appellant] shall recover nothing from [County]."

*Standard of Review*

"A demurrer tests the legal sufficiency of factual allegations in a complaint. [Citation.] A trial court's ruling sustaining a demurrer is erroneous if the facts alleged by the plaintiff state a cause of action under any possible legal theory. [Citations.]" (*Lee Newman, M.D., Inc. v. Wells Fargo Bank* (2001) 87 Cal.App.4th 73, 78.)

"[W]e apply the de novo standard of review in an appeal following the sustaining of a demurrer . . . ." (*California Logistics, Inc. v. State of California* (2008) 161 Cal.App.4th 242, 247.) "[W]e assume the truth of all facts properly pleaded in the complaint and its exhibits or attachments, as well as those facts that may fairly be implied or inferred from the express allegations. [Citation.] 'We do not, however, assume the truth of contentions, deductions, or conclusions of fact or law.' [Citation.]" (*Cobb v. O'Connell* (2005) 134 Cal.App.4th 91, 95.) "We . . . consider matters that may be judicially noticed . . . ." (*Brown v.*

*Deutsche Bank National Trust Co.* (2016) 247 Cal.App.4th 275, 279.)

When "a demurrer has been sustained without leave to amend, unless failure to grant leave to amend was an abuse of discretion, the appellate court must affirm the judgment if it is correct on any theory. [Citations.] If there is a reasonable possibility that the defect in a complaint can be cured by amendment, it is an abuse of discretion to sustain a demurrer without leave to amend. [Citation.] The burden is on the plaintiff . . . to demonstrate the manner in which the complaint might be amended." (*Hendy v. Losse* (1991) 54 Cal.3d 723, 742.)

*Plaintiff's Burden on Appeal*

On appeal "[t]he plaintiff has the burden of showing that the facts pleaded are sufficient to establish every element of the cause of action and overcoming all of the legal grounds on which the trial court sustained the demurrer, and if the defendant negates any essential element, we will affirm the order sustaining the demurrer as to the cause of action. [Citation.]" (*Martin v. Bridgeport Community Assoc., Inc.* (2009) 173 Cal.App.4th 1024, 1031.)

*Res Judicata*

County claims that the 2020 petition is barred by the doctrine of res judicata. Appellant argues that the doctrine is inapplicable because a judgment was not entered after the trial court had sustained the demurrer to the third amended petition without leave to amend. "The doctrine of res judicata has a double aspect. In a new action on the same cause of action, a prior judgment for the defendant is a complete bar. In a new action on a different cause of action, the former judgment is not a complete bar, but it is effective as a collateral estoppel, i.e., it is

8

conclusive on issues actually litigated between the parties in the former action." (*Ford Motor Co. v. Superior Court* (1971) 16 Cal.App.3d 442, 447-448.) "'The doctrine applies basically to all types of final judgments that are rendered on the merits of litigation. [Citation.] It may apply to a final judgment, i.e., a dismissal, even though entered after sustaining a demurrer, if the demurrer was sustained on substantive grounds.' . . . [Citation.]" (*Service Employees International Union v. Hollywood Park, Inc.* (1983) 149 Cal.App.3d 745, 755-756 (*Hollywood Park*).)

The doctrine of res judicata did not bar appellant from filing the 2020 petition because there was no final judgment in the 2016 action. "The res judicata doctrine only applies when there is a final judgment." (*Hollywood Park*, *supra*, 149 Cal.App.3d at p. 756; see also *Zevnik v. Superior Court* (2008) 159 Cal.App.4th 76, 82-83 ["res judicata and collateral estoppel require . . . [that] the prior proceeding resulted in a final judgment on the merits"].)

The order sustaining the demurrer to the third amended petition without leave to amend did not constitute a judgment. "An order sustaining a demurrer is not a judgment, and does not have the effect of finally and irrevocably dismissing the demurring party from the action. 'It may form the basis for rendering a judgment, but it is not itself a judgment' [citation], is not appealable, and can be reviewed by an appellate court only on appeal from a final judgment subsequently given. Upon such an order being made without leave to amend, . . . the party whose demurrer has been sustained may become entitled to a judgment, which may effectually bar further proceedings against him in the matter from which he has been dismissed. In the absence of such a judgment, however, the mere order constitutes no bar . . . ." (*De*

9

*La Beckwith v. Superior Court of Colusa County* (1905) 146 Cal. 496, 500.)

Here, an unsigned minute order states, "The Court orders the entire action dismissed without prejudice. Formal order to be submitted by Mr. Eicher," County's counsel. The unsigned minute order does not constitute a judgment. (*Hyundai Motor America v. Superior Court* (2015) 235 Cal.App.4th 418, 426; see Code Civ. Proc., § 581d, italics added ["All dismissals ordered by the court shall be in the form of a written order *signed by the court* and filed in the action and those orders when so filed shall constitute judgments and be effective for all purposes"].)[4] "An order that is not signed by the trial court does not qualify as a judgment of dismissal under [Code of Civil Procedure] section 581d." (*Powell v. County of Orange* (2011) 197 Cal.App.4th 1573, 1578.)

The trial court signed a separate order, but it also does not constitute a judgment. The separate order states, "[County's] Demurrer to [Appellant's] Third Amended Petition for Writ of

---

[4] In its brief County gives a truncated, misleading version of Code of Civil Procedure section 581d that omits the requirement that the order be signed by the court. The truncated version, which appears in footnote 2 at page 15 of the brief, is as follows: "'All dismissals ordered by the court . . . shall constitute judgments and be effective for all purposes.'" The same truncated version appears in footnote 2 at page 6 of County's demurrer to the 2020 petition. County's deliberate omission of the crucial "signed by the court" language is inexcusable. (See *Biancalana v. Fleming* (1996) 45 Cal.App.4th 698, 701, fn. 2 ["Plaintiff misleads this court" by his quotation from a statute that "contains ellipsis points instead of" crucial statutory language. "Misquotation 'is inexcusable upon the part of any lawyer, and places additional burdens upon this court'"].)

Mandamus is sustained without leave to amend." The order does not say that the petition is dismissed or that judgment is entered in County's favor. Thus, there is no final judgment as to County's demurrer to the third amended petition in the 2016 action. There is merely an order sustaining the demurrer without leave to amend. Consequently, the doctrine of res judicata is inapplicable. (*Hollywood Park, supra*, 149 Cal.App.3d at p. 756.)

County argues that our decision on this issue conflicts with our prior summary denial of appellant's petition for writ of mandate. The petition was filed after the trial court's denial of appellant's motion for leave to file a fourth amended petition in the 2016 action. County notes that in the petition for writ of mandate appellant "made the same argument it now raises, that . . . '[t]he entry of the [unsigned] minute order did not constitute a judgment, pursuant to Section 581d.'" County claims that, "by presenting the exact same argument in its Opening Brief, [appellant] seeks to have this Court overrule . . . [its] own prior ruling." "[T]he Court of Appeal . . . made it clear that a final judgment was entered in [appellant's] prior action."

County misunderstands the significance of our summary denial of the petition. "When the court denies a writ petition without issuing an alternative writ, it does not take jurisdiction over the case; it does not give the legal issue full plenary review. A summary denial does not decide a 'cause' [citations], and should therefore not be given law of the case effect." (*Kowis v. Howard* (1992) 3 Cal.4th 888, 897; see also *Funeral Directors Assn. of Los Angeles and Southern California v. Board of Funeral Directors and Embalmers of California* (1943) 22 Cal.2d 104, 110 ["The denial shown by our minute order . . . of petitioner's

application for a writ of mandate must be construed to constitute simply a refusal by this court to exercise its original jurisdiction. . . . The minute order . . . was not intended to be and is not an adjudication upon the merits of the facts presented in the application"].)

*Statute of Limitations*

The trial court ruled that the 2020 petition is "barred by the applicable statute of limitations, since it was filed over three years after the incident at issue," i.e., the seizures of appellant's property in 2015-2016 pursuant to search warrants.  The applicable statute of limitations is set forth in Code of Civil Procedure section 338, subdivision (c)(1), which provides, "An action for taking, detaining, or injuring goods or chattels" must be commenced "[w]ithin three years."

Appellant contends:  "[T]he three-year statute of limitations did not commence until August 7, 2019, when the County complied with the Order from the criminal court to return the seized property . . . .  At that point, [appellant] discovered that some property was missing, damaged, or destroyed and its claim for restitution ripened.  The current Petition seeking the restitution for the reasonable value of missing or damaged property was filed on July 23, 20[2]0.  [Appellant therefore] filed within the three-year limitations period."

"The statute of limitations usually commences when a cause of action 'accrues,' and it is generally said that 'an action accrues on the date of injury.'  [Citation.]  Alternatively, it is often stated that the statute commences 'upon the occurrence of the last element essential to the cause of action.'  [Citations.]" (*Bernson v. Browning-Ferris Industries* (1994) 7 Cal.4th 926, 931.)  "An important exception to the general rule of accrual is

12

the 'discovery rule,' which postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action. [Citations.] [¶] A plaintiff has reason to discover a cause of action when he or she 'has reason at least to suspect a factual basis for its elements.' [Citations.] Under the discovery rule, suspicion of one or more of the elements of a cause of action, coupled with knowledge of any remaining elements, will generally trigger the statute of limitations period." (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 806-807.)

"[A]lthough a right to recover nominal damages will not trigger the running of the period of limitation, the infliction of appreciable and actual harm, however uncertain in amount, will commence the statutory period. . . . [N]either uncertainty as to the amount of damages nor difficulty in proving damages tolls the period of limitations." (*Davies v. Krasna* (1975) 14 Cal.3d 502, 514 (*Davies*).)

Before the still-existing property was returned to appellant in August 2019, appellant knew that County's seizure of its property had inflicted "appreciable and actual harm." (*Davies*, *supra*, 14 Cal.3d at p. 514.) In its third amended petition in the 2016 action, appellant alleged, "Petitioner is unaware of the extent to which it's [*sic*] seized and confiscated property . . . was damaged or destroyed, however, Petitioner is *certain* that some or all of this property was damaged and/or destroyed by [County]." (Italics added.)

In its April 2019 motion for the return of the seized property, appellant alleged, "During the RAIDS, multiple officers entered the property of [appellant], . . . took property, [and] *damaged and destroyed* property . . . ." (Italics added.) During the first raid in September 2015, County "cut from the earth . . .

13

approximately 880 cannabis (marijuana) plants . . . .  Documents in the criminal case . . . show that [County] quantified the market value of the . . . crop *destroyed* by [County], based on weight of 3100 [pounds,] . . . at $75 Million dollars."  (Italics added.)  "All [of the cut plants] were still premature for harvesting."

The second raid occurred at Kroll's residence on October 6, 2015.  The residence was appellant's "operational headquarters."  This raid was particularly damaging to appellant's marijuana products.  The April 2019 motion for the return of the property alleged:  "The October 6, 2015 raid is when [County] seized [appellant's] entire . . . inventory of dried marijuana plants in containers labeled by type or name, along with a multitude of cannabis medicines and formulations including tinctures, mixtures, specialty strain seeds, oils, edible and other forms of medical marijuana products that were all packaged or bottled in hermetically sealed jars with moisture sachets, and all labeled, with codes corresponding to electronic records of formulas on [appellant's] computers and hard drives from years of work by Kroll comprising specific medications for members of [the] collective.  [County] *destroyed the value of most or all of said cannabis products* by opening containers and dump[ing] all into common bags, where the integrity and value of the specific formulations and product types was forever lost."  (Italics added, capitalization omitted.)

Kroll was present during the second raid and may have witnessed County's seizure of the cannabis.  He "urged the officers and Detectives to let him show all of [appellant's] documentation of compliance and explain [appellant's] operations to demonstrate same, but [County] ignored Kroll."

14

Thus, appellant's cause of action for injury to its property accrued, and the statute of limitations began to run, more than three years before the filing of the 2020 petition on July 23, 2020. The running of the statute of limitations was not delayed until discovery of the full extent of the injury upon the return of the still-existing property in August 2019. Long before the return of the property, appellant was aware that it had suffered "appreciable and actual harm." (*Davies*, *supra*, 14 Cal.3d at p. 514.)

In arguing that the statute of limitations did not begin to run until the return of the property, appellant relies on the following rule stated in *Coy v. County of Los Angeles* (1991) 235 Cal.App.3d 1077, 1088: "When . . . the original taking is lawful, the statute of limitations for conversion or claim and delivery does not begin to run 'until the return of the property has been demanded and refused or until a repudiation of the owner's title is unequivocally brought to [her or] his attention.'" (Bracketed material in original.)

*Coy* is of no assistance to appellant. The *Coy* rule does not apply to an action seeking damages for injury to an owner's property where, as here, the owner knew that its property had been damaged or destroyed at the time of the original taking.

Another authority relied upon by appellant is *Minsky v. City of Los Angeles* (1974) 11 Cal.3d 113. There, the police took $7,720 from an arrestee and held it as evidence of a criminal offense. Upon disposition of the criminal charges, the arrestee unsuccessfully demanded the return of the money. The arrestee's interest in the money was assigned to plaintiff, and the city denied plaintiff's claim for the money. Plaintiff filed an action seeking specific recovery of the sum seized from the arrestee.

The Supreme Court concluded: "[P]laintiff fully complied with the applicable statutes of limitation . . . for maintaining the present action." (*Id.* at p. 119.) "Plaintiff's claim accrued when [the arrestee] learned of the 'conversion' of his property at the time of the disposition of the criminal charges and [the city's refusal of] his oral demand [for the return of the property]." (*Ibid.*, fn. 6.)

*Minsky* is distinguishable. Unlike the plaintiff in *Minsky*, appellant's claim accrued more than three years before the filing of the 2020 petition when it learned that its property had been destroyed or damaged by County during the 2015-2016 raids.

Accordingly, appellant has not carried its burden of "overcoming" the trial court's ruling that the 2020 petition was not filed within the three-year statute of limitations. (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 880 ["Cantu bears the burden of overcoming *all* of the legal grounds on which the trial court sustained the demurrers"].)

*Equitable Tolling of Statute of Limitations*

Appellant argues, "[T]he statute of limitations was equitably tolled while [it] sought its rights in civil court, and then criminal court, before filing the present [2020] action." "The doctrine [of equitable tolling] allows our courts, 'in carefully considered situations' [citation], to exercise their inherent equitable powers to 'soften the harsh impact of technical rules' [citation] by tolling statutes of limitations. . . . [E]quitable tolling today applies when three 'elements' are present: '[(1)] timely notice, and [(2)] lack of prejudice, to the defendant, and [(3)] reasonable and good faith conduct on the part of the plaintiff.' [Citation.] These requirements are designed to 'balanc[e] . . . the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed

16

by the [operative] limitations statute.'" (*Saint Francis Memorial Hospital v. State Department of Public Health* (2020) 9 Cal.5th 710, 724-725.)

In support of its argument that the statute of limitations was equitably tolled, appellant presents the following paragraph in its opening brief: "Here, all three elements are satisfied. First, the prior civil action [2016 petition] constituted timely notice to the County during the statutory period that it would need to begin investigating the facts that form the basis for the current action. Second, there is a lack of prejudice to the County in gathering and preserving evidence, as the claims in the prior and current action are the same, the County was the bailee of the seized property, and may fairly defend the present lawsuit. Third, [appellant made a reasonable and good faith] attempt to first seek relief . . . in civil court . . . , then criminal court (pursuant to Penal Code Section 1536), and now back in civil court."

We agree that the first element has been satisfied. Appellant's 2016 petition gave County timely notice of its claim. But appellant has not satisfied the second element – lack of prejudice to County – or the third element – its conduct was reasonable.

In the demurrer to the third amended petition, County correctly argued that, pursuant to section 1536, appellant was required to seek return of the property in the criminal court. (See *People v. Superior Court (Laff)* (2001) 25 Cal.4th 703, 713 ["Law enforcement officials who seize property pursuant to a warrant issued by the court do so on behalf of the court, which has authority pursuant to Penal Code section 1536 to control the disposition of the property"]; *Zuniga v. County of San Mateo Dept.*

17

*of Health Services* (1990) 218 Cal.App.3d 1521, 1527, fn. 4 ["The adult dogs seized as evidence pursuant to a search warrant were retained subject to the order of the criminal court. (§ 1536.)"].) In its opening brief appellant concedes that pursuant to section 1536, "County was required to maintain possession of the seized property until the criminal court ordered otherwise."

County's demurrer to the third amended petition put appellant on notice that it must move for the return of its property in the criminal court pursuant to section 1536. Despite this notice, appellant did not file its section 1536 motion until April 23, 2019, 16 months after the sustaining of County's demurrer to the third amended petition on December 21, 2017, and more than three years after County's last seizure of property on April 14, 2016. The trial court concluded, "[A]ppellant's] unreasonable three-year delay before seeking the return of seized marijuana [pursuant to section 1536] prejudiced [County], given that [it] could not possibly maintain the perishable product in pristine condition for that amount of time."

Appellant claims that it "reasonably believed that it had to wait until the [three-year] criminal statute of limitations expired in the criminal action brought against Kroll to bring a motion in the criminal court" for the return of its property pursuant to section 1536. Appellant explains: "[In the demurrer to the third amended petition,] County argued that the criminal court had an interest in the seized property until the three-year criminal statute of limitations expired. [Record citation.] [Appellant] . . . reasonably waited until the criminal statute of limitations expired to seek return of the seized property in criminal court. The decision to wait until the criminal statute of limitations ran was based on the County's argument in the prior civil action."

18

County's demurrer to the third amended petition did not suggest that appellant must delay its section 1536 motion for the return of property until the three-year criminal statute of limitations had expired. In the demurrer County noted that appellant's prayer for relief had requested the return of its seized property "that is not being used as evidence in a related criminal matter." County cautioned: "Just because charges are not currently pending, does not mean that charges related to the seized items could not be filed in the future. As the Court is aware, certain felony charges can be brought up to three years from the date of the offense. [Citation.] . . . The fact that criminal charges related to the seized items may still be filed contradicts [appellant's] attempts to demonstrate that the items seized are of no use to the criminal court." After the last quoted sentence, County inserted a footnote that read: "[County] is merely holding the seized items for the criminal court. If [appellant] believes these items should be released, [it] must file a formal motion with the judge who allowed for the seizure of these items by issuing a search warrant." County did not say that appellant must delay filing the motion until the expiration of the three-year criminal statute of limitations.

Appellant appears to maintain that, as a nonparty to the dismissed criminal proceedings against Kroll, it lacked "standing" to move for the return of the property pursuant to section 1536 even though it was the owner of the property. Section 1536 does not impose such a standing requirement.

Thus, appellant did not reasonably delay its section 1536 motion for the return of property until after the three-year criminal statute of limitations had expired. But even if the delay in making the motion had been reasonable, the running of the

three-year civil statute of limitations would not have been tolled. Appellant knew that, at the time of the original takings, it had suffered "appreciable and actual harm." (*Davies*, *supra*, 14 Cal.3d at p. 514; see the discussion *ante*, at pp. 13-17.) Therefore, no justification existed for waiting to file the 2020 petition for damages until after the still-existing property had been returned by County. "[O]nce plaintiff has suffered actual and appreciable harm, neither the speculative nor uncertain character of damages nor the difficulty of proof will toll the period of limitation." (*Ibid*.)

### *County Is Not Judicially Estopped from Arguing that the 2020 Petition is Barred by the Statute of Limitations*

Appellant claims that the trial court should have accepted its argument that County is judicially estopped from arguing that the 2020 petition is barred by the three-year statute of limitations. """Judicial estoppel precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position. [Citations.] The doctrine's dual goals are to maintain the integrity of the judicial system and to protect parties from opponents' unfair strategies. [Citation.] Application of the doctrine is discretionary.'" [Citation.] The doctrine applies when '(1) the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position (i.e., the tribunal adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake.'" (*Aguilar v. Lerner* (2004) 32 Cal.4th 974, 986-987.) Where, as here,

20

"the relevant facts are undisputed, the appellate court independently reviews whether the elements of judicial estoppel are met." (*Kerley v. Weber* (2018) 27 Cal.App.5th 1187, 1195.)

Appellant argues that the elements of judicial estoppel have been met because "County is now contending that the current [2020] Petition is allegedly barred by the affirmative defense[] of statute of limitations . . . , whereas the County previously argued [in its demurrer to the third amended petition] that the criminal court still had an interest in the seized property until the three-year criminal statute of limitations expired.  The County is now arguing that [appellant] waited too long to bring this Petition when it was the County's own argument that the three-year criminal statute of limitations had yet to expire and criminal charges could still be brought.  The two arguments are inconsistent."

County's positions are not inconsistent.  Although the three-year criminal statute of limitations had not yet expired, appellant could still have moved for the return of its seized property pursuant to section 1536.  County said so in its demurrer to the third amended petition:  "[Appellant] did not file a formal motion for the return of property with the criminal court which issued the search warrant . . . .  [It] failed to do so despite the fact that such a motion could have been filed in the related criminal proceedings."

County's positions are also not inconsistent because its arguments in the demurrer to the third amended petition concerned appellant's request for the return of its seized property.  This issue is distinct from County's contention in the instant appeal that the 2020 civil action for damages is barred by the three-year statute of limitations for injury to property.

*Disposition*

The judgment is affirmed.  County shall recover its costs on appeal.

NOT TO BE PUBLISHED.


YEGAN, Acting P. J.


We concur:


PERREN, J.


TANGEMAN, J.

Vincent J. O'Neill, Jr., Judge*

Superior Court County of Ventura

———————————————

Law Offices of Herbert Hafif, Greg K. Hafif and Michael G. Dawson; Law Offices of Jason Rowe and Jason Rowe, for Plaintiff and Appellant.

Lawrence Beach Allen & Choi, Paul B. Beach, James S. Eicher, Jr. and Rocco Zambito, Jr., for Defendant and Respondent.

———————————————

*Retired Judge of the Ventura Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal, Const.